UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE WESLEY,<br><br>          Plaintiff,<br><br>    v.<br><br>CBS RADIO SERVICES, INC. et al.,<br><br>          Defendants. | Case No. 2:18-CV-00466-RSL<br><br>ORDER ON PLAINTIFF'S<br>MOTION TO COMPEL,<br>MOTION FOR EXTENSION<br>OF TIME AND MOTION<br>FOR RECONSIDERATION |

This matter comes before the Court on plaintiff Jesse Wesley's "Motion Regarding CBS's Failure to Designate Witnesses Pursuant to Rule 30(b)(6)," Dkt. #25, "Motion to Extend Time to File Response to Defendants' Motion for Protective Order Relating to Rule 30(b)(6) Deposition of Defendant CBS Radio Stations, Inc.," Dkt. #40, and "Motion for Reconsideration of Protective Order Re: Corporate Designee." Dkt. #47.

## BACKGROUND

**A. Notice of Deposition**

These motions concern a discovery dispute between plaintiff and defendants CBS Radio Services, Inc., CBI Radio Stations (collectively, "CBS"), Michael Fashana and Cindy Johnson regarding the deposition of Jennifer Baker pursuant to Federal Rule of Civil Procedure 30(b)(6) on January 9, 2019. On August 25, 2018, plaintiff served CBS with his "First Amended Notice of Deposition and Schedule of Documents" ("the Notice"). Dkt. #25-1; Ex. A, Dkt. #36-1. Plaintiff requested CBS to "designate and fully prepare one or more officers, directors,

managing agents, or other persons who consent to testify on behalf of [CBS], and whom [CBS] will fully prepare to testify regarding all information that is known or reasonably available to [CBS]" regarding certain topics. Id. Topic No. 13 stated, "All averments and/or pleadings made by [CBS] in the instant federal case." Id. at 6. On October 30, 2018, CBS responded with its general and specific objections. Dkt. #25-2; Ex. B, Dkt. #36-2. It objected to Topic No. 13 *inter alia* claiming the topic "[was] not set forth with 'reasonable particularity' as required by Rule 30(b)(6) to the extent 'all averments' [was] not defined." Id. at 13. CBS stated that it was unable to designate a Rule 30(b)(6) representative to testify regarding the topic as it was phrased. Id.

Plaintiff responded on November 7, 2018. Dkt. #25-2; Ex. C, Dkt. #36-3; see Dkt. #36 (Silke Decl.) at ¶ 5. Regarding Topic No. 13, he stated, "without conceding that the phrase includes or constitutes a legal term of art or linguistic idiom, please read the phrase 'all averments' as 'any of the statements of fact.'" Id. at 7. On November 8, 2018, CBS indicated that Jennifer Baker, who was CBS's Human Resources Regional Director at the relevant time, would be designated as CBS's Rule 30(b)(6) witness. Dkt. #25 at 3. By emails exchanged on December 18 and December 21, 2018, counsel agreed to hold depositions for plaintiff on January 8 and January 9, 2019 and for defendants Michael Fashana and Cindy Johnson on January 23 and 24, 2019. Ex. D, Dkt. #36-4 at 2. On January 2, 2019, plaintiff sent a "Notice of Deposition of Jennifer Baker" to CBS and its attorneys.[1] Ex. E, Dkt. #36-5 at 2–3.

### B. Deposition of Jennifer Baker

At the start of the deposition on January 9, 2019, defense counsel expressed his understanding that CBS had presented Ms. Baker to respond to the topics in the Notice, and that plaintiff's counsel would be conducting a Rule 30(b)(6) deposition based on those topics as well as a fact deposition. Dkt. #36-6 at 5:15–23. When asked, Ms. Baker responded that she was "prepared to answer on behalf of CBS as to [those] questions and topics." Id. at 10:17–20.

---

[1] The Notice appears to erroneously refer to the testimony of Karan Kozeto instead of Jennifer Baker in the text. Ex. E, Dkt. #36-5 at 2.

ORDER ON PLAINTIFF'S MOTION TO COMPEL, MOTION FOR
EXTENSION OF TIME AND MOTION FOR RECONSIDERATION - 2

However, defense counsel noted that CBS had not designated anyone for certain of the topics because of the nature of those requests. Id. at 10:23–11:4. Plaintiff's counsel noted that plaintiff had responded to CBS's objections. Id. at 11:18–22. Defense counsel clarified that they "[stood] by their objections" and "[could] address them as necessary as they [came] up" in the deposition. Id. at 11:23–12:2.

Following a question about plaintiff's shift from a base salary plus commission compensation model to a commission only compensation model, plaintiff's counsel clarified that he was asking Ms. Baker questions as a CBS designee, and would indicate when he switched to asking her questions in her individual capacity. Id. at 30:24–31:2. Defense counsel objected as follows: "I would just interject the same objections to the extent that these questions are not within the scope of the 30(b)(6) topics. So when she testifies, 'I don't know,' that's not an admission that she's not properly prepared for the topics within the notice, but I believe she is fully prepared for the topics to the extent we've designated her for these topics." Id. at 31:12–19. Counsel then agreed that plaintiff's counsel would indicate the topic from the Notice that a question pertained to for the remainder of the deposition. Id. at 32:13–33:19.

Plaintiff's counsel moved on to Topic No. 13. Id. at 34:18–24. Defense counsel noted that CBS had already lodged objections because Topic No. 13 was too broad and had communicated to plaintiff that it was unable to designate a Rule 30(b)(6) representative for Topic No. 13. Id. at 35:4–21. Plaintiff's counsel stated that the parties would need to take the matter up with the Court and that CBS should have sought a protective order. Id. at 35:22–36:11. Plaintiff's counsel disagreed. Id. at 36:12–37:5. A discussion ensued about how to proceed with Ms. Baker's deposition. Id. at 37:6–39:9. Plaintiff's counsel suggested that, in the interest of moving forward, defense counsel could lodge his objection, Ms. Baker could continue to respond to questions, and they could "seek a protective order … or seek the court's guidance" afterward. Id. at 41:7–14. Defense counsel responded, "the problem with doing a combined fact witness deposition and 30(b)(6) deposition is that you're asking to bind her on behalf of the company on

certain topics for which we have no clarification about the scope in order to find out if she actually has knowledge about them or prepare [*sic*] her for that topic." Id. 43:14–20.

Counsel conferred with their clients. Id. at 45:20–46:1. Defense counsel then proposed that Ms. Baker would answer questions to the extent she knew the answers, and "after the deposition if plaintiff's counsel believe[d] that the witness did not testify on certain topics on behalf of the company in a way that gives him the information he needs, [they] could address what to do about that," including filing a motion for protective order. Id. at 46:1–18. Defense counsel clarified again that Ms. Baker had not been designated for all topics. Id. at 47:5–9. He reiterated CBS's objections regarding the "definitions and nature of the particular topics." Id. at 47:15–19. The deposition continued. Ms. Baker provided answers to some questions but indicated that she did not know the answers to others, like whether plaintiff was doing satisfactory work, the reasons for his demotion, alleged preferential treatment given to plaintiff's coworkers, and plaintiff's alleged failure to mitigate damages. See Dkt. #25-4.

**C. Procedural History**

According to defendants, the parties "disagreed on whether CBS was required to designate a corporate representative to Topic 13 and whether CBS would be legally bound to Ms. Baker's responses to certain factual questions that might fall within the purview of Topic 13" and "agreed to file counter motions on these issues." Dkt. #35 at 4. Plaintiff filed his "Motion Regarding Defendant CBS's Failure to Designate Witnesses Pursuant to Rule 30(b)(6)" ("Motion to Compel") on February 1, 2019. Dkt. #25. He requested that CBS be bound by Ms. Baker's testimony or be required to designate proper witnesses and be sanctioned for additional expenses and attorney's fees. Id. at 6. Defendants responded on February 15, 2019. Dkt. #35. Plaintiff filed a reply in support of his Motion to Compel on February 22, 2019. Dkt. #37.

Defendants filed a "Motion for Protective Order Relating to Rule 30(b)(6) Deposition of Defendant CBS Radio Stations, Inc." ("Motion for PO") a week later, on February 28, 2019. Dkt. #38. They requested a Court order ruling that they was not required to produce a witness to

ORDER ON PLAINTIFF'S MOTION TO COMPEL, MOTION FOR
EXTENSION OF TIME AND MOTION FOR RECONSIDERATION - 4

testify on Topic No. 13 because the topic was not described with reasonable particularity pursuant to Rule 30(b)(6). Id. at 9. Plaintiff was required to respond by March 6, 2019. See LCR 7(d)(2). He failed to do so. Defendants accordingly filed a reply on March 8, 2019, requesting that the motion be granted. Dkt. #39. On March 21, 2019, plaintiff filed a "Motion to Extend Time to File Response to Defendants' Motion for Protective Order Relating to Rule 30(6)(B) Deposition of Defendant CBS Radio Stations, Inc." ("Motion for Extension") pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). Dkt. #40. Plaintiff argued that he was entitled to an extension of time more than two weeks after the deadline because defendants' Motion for PO was untimely and did not list the date, manner and participants of the meet and confer. Id. at 2. The Court granted the Motion for PO on March 25, 2019. Dkt. #45. Plaintiff then filed a "Motion for Reconsideration of Protective Order Re Corporate Designee" ("Motion for Reconsideration") on April 8, 2019. Dkt. #47.

## DISCUSSION

**A. Motion for Extension**

"When an act may or must be done within a specific time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether a failure to meet a deadline constitutes excusable neglect, the Court must consider "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." PLU Investments, LLC v. Intraspect Grp., Inc., No. C10-626RSL, 2011 WL 1376192, at *1 (W.D. Wash. Apr. 12, 2011) (quoting Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 825 (9th Cir. 1996)) (alterations omitted).

Plaintiff's Motion for Extension stated only that defendants' Motion for PO was untimely and that defendants did not comply with Local Civil Rule 26(c)(1) in listing the date, manner and participants of the meet and confer. Dkt. #40 at 2. This is not excusable neglect. See Sorrels

ORDER ON PLAINTIFF'S MOTION TO COMPEL, MOTION FOR
EXTENSION OF TIME AND MOTION FOR RECONSIDERATION - 5

v. Nw. Tr. Servs., Inc., No. 15-CV-05146-RJB, 2015 WL 4577722, at *2 (W.D. Wash. July 28, 2015). In any case, the Motion for Extension is moot because the Court has already granted defendants' Motion for PO. See Dkt. #45. It is therefore denied.[2]

## B. Motion for Reconsideration of Order Granting Defendants' Motion for PO

### a. Legal Standard

"A party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c). "The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. The Court has "broad discretion to manage discovery." Avila v. Willits Envtl. Remediation Tr., 633 F.3d 828, 833 (9th Cir. 2011).

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Even so, courts "have limited discovery where the breadth of subjects and number of topics identified in a 30(b)(6) deposition notice renders a responding party's efforts to designate a knowledgeable person unworkable." Luken v. Christensen Grp. Inc., No. C16-5214 RBL, 2018 WL 1994121, at *2 (W.D. Wash. Apr. 27, 2018) (citing Apple Inc., v. Samsung Elec. Co., Ltd., 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012)). Rule 30(b)(6) "does not extend to burdening the responding parties with production and preparation of a witness on every facet of the litigation … the discovery rules also require that deposition notices be proportional and describe with reasonable particularity the matters of examination." Id. (internal citations omitted).

Motions for reconsideration are generally disfavored. LCR 7(h). The Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling

---

[2] However, for the sake of completeness, the Court will consider plaintiff's arguments as expressed in his response to the Motion for PO, see Dkt. #40-2, in deciding plaintiff's Motion for Reconsideration. See Section B, infra.

ORDER ON PLAINTIFF'S MOTION TO COMPEL, MOTION FOR
EXTENSION OF TIME AND MOTION FOR RECONSIDERATION - 6

or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

### b. Plaintiff's Topic No. 13

Defendants argued in their Motion for PO that plaintiff's Topic No. 13 in the Notice was vague and overly broad. Dkt. #38 at 8. Plaintiff disputes this. Dkt. #40-2 at 2. Topic No. 13 was for "[a]ll averments and/or pleadings made by [CBS] in the instant federal case." Dkt. #25-1 at 6. In response to CBS's objection, plaintiff clarified only that "all averments" meant "any of the statements of fact." Dkt. #25-3 at 7. This fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6); see Luken, 2018 WL 1994121 at *2; see TV Interactive Data Corp. v. Sony Corp., No. C 10-475 PJH MEJ, 2012 WL 1413368, at *1 (N.D. Cal. Apr. 23, 2012) ("The Court agrees that [the topic] is too vague since it seeks the production of a corporate witness regarding all facts and contentions for each of [the party]'s affirmative defenses and counterclaims. Such a broad request is not proper.").

### c. Compliance with LCR 26

Plaintiff also argues that defendants were required to file their Motion for PO before the deposition, and that their Motion for PO did not list the date, manner and participants to the meet and confer conference in compliance with Local Civil Rule 26(c)(1). Id. at 4; Dkt. #47 at 3.

Defendants were not required to file their Motion for PO before Ms. Baker's deposition. "Unless a party or witness files a motion for a protective order and seeks and obtains a stay prior to the deposition, a party or witness has no basis to refuse to attend a properly noticed deposition." Charm Floral v. Wald Imports, Ltd., No. C10-1550-RSM, 2012 WL 424581, at *2 (W.D. Wash. Feb. 9, 2012); accord Matson v. United Parcel Serv., Inc., No. C10-1528 RAJ, 2012 WL 12941741, at *2 (W.D. Wash. Mar. 28, 2012). However, Ms. Baker attended her deposition. The record indicates that counsel agreed to proceed with the deposition on the understanding that CBS's objections regarding the scope of Topic No. 13 were preserved, and they would settle the legal issues later. Dkt. #36-6 at 45:22–47:20. CBS had already responded

to the Notice with its objections, and plaintiff was not unfairly surprised. Dkt. #36-2; see Pioneer Drive, LLC v. Nissan Diesel Am., Inc., 262 F.R.D. 552, 559 (D. Mont. 2009) ("Defendant did not object to the Notice. If it was ambiguous or overly broad, Defendant could have sought a protective order under Rule 26(c). By *failing to object prior to (or even at) the deposition*, Defendant cannot now attempt to excuse its inadequate preparation of the designee by pointing to problems it now sees in the Notice.") (emphasis added); Hi-Tech Rockfall Constr., Inc. v. Cty. of Maui, No. CV 08-00081 DAE-LEK, 2009 WL 10676564, at *5 (D. Haw. May 20, 2009), order aff'd in part, vacated in part, No. CV 08-00081 DAE/LEK, 2009 WL 10676565 (D. Haw. July 6, 2009), and order clarified sub nom. Hi-Tech Rockfall Const., Inc. v. Cty. of Maui, No. CV08-00081DAE-LEK, 2009 WL 2700276 (D. Haw. Aug. 25, 2009) ("First, although [the party] now argues that [the opposing party]'s notice of deposition was oppressive and unduly burdensome because some of the identified topics were overly broad and irrelevant, [the party] waived such arguments by failing *to either object to the notice or* seek a protective order.") (emphasis added).

In their Motion for PO, defendants stated that they had "conferred in good faith with plaintiff's counsel about this issue." Dkt. #38 at 1–2. A party seeking a protective order "must include a certification … that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court *may deny* the motion without addressing the merits of the dispute." LCR 26(c)(1) (emphasis added). The Court was not required to deny the motion.

**C. Motion to Compel**

   a. Legal Standard

If a corporation is named as a deponent, it must designate a witness to testify on its behalf. Fed. R. Civ. P. 30(b)(6). "The person designated must testify about information known or reasonably available to the organization." Id. "The duty to produce a prepared witness on

designated topics extends to matters not only within the personal knowledge of the witness but on matters reasonably known by the responding party." Emhart Indus., Inc. v. Univar USA, Inc., No. C09-120JLR, 2009 WL 10675670, at *4 (W.D. Wash. Feb. 12, 2009) (internal citation omitted). "When a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)." Krausz Indus., Ltd v. Romac Indus., Inc., No. C10-1204RSL, 2011 WL 13100750, at *1 (W.D. Wash. Aug. 10, 2011) (citing Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3d Cir. 2000)). The sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(iv), and/or reasonable expenses, including "attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 30(d)(3).

    b. Preparedness of Ms. Baker

Ms. Baker did testify to her knowledge on topics other than Topic No. 13. Dkt. #25-4; Dkt. #36-6. As previously discussed, CBS noted its objections to the overbroad nature of Topic No. 13. It therefore did not fail in its obligations to adequately prepare Ms. Baker on that topic.[3] See Pioneer Drive, LLC, 262 F.R.D. at 559; Hi-Tech Rockfall Constr., Inc., 2009 WL 10676564 at *5. As the Court has already granted defendants' Motion for PO and found that they were not required to designate a corporate representative to Topic No. 13, plaintiff's Motion to Compel must be denied.

## CONCLUSION

For all the foregoing reasons, plaintiff's Motion for Extension, Dkt. #40, Motion to Compel, Dkt. #25, and Motion for Reconsideration, Dkt. #47, are DENIED.

---

[3] The Court also notes that, following Ms. Baker's deposition, plaintiff elected to cancel the depositions of Mr. Fashana and Ms. Johnson even though they were likely to testify to at least some of the matters that Ms. Baker could not. Dkt. #36-7 at 9; see Dkt. #36-6 at 133:20–134:5, 134:18–22; Dkt. #25-4 at 58:23–59:5, 69:17–24, 85:12–14, 132:16–133:11, 134:23–135:3.

DATED this 17th day of June, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge