UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE WESLEY,

    Plaintiff,

v.

CBS RADIO SERVICES, INC. et al.,

    Defendants.

Case No. 2:18-CV-00466-RSL

ORDER GRANTING
PLAINTIFF'S MOTION FOR
LEAVE TO AMEND
COMPLAINT

This matter comes before the Court on plaintiff's motion for leave to amend complaint. Dkt. #24.

## **BACKGROUND**

On February 27, 2018, plaintiff Jesse Wesley filed a complaint in the King County Superior Court against defendants CBS Radio Stations, Inc. CBS Radio Services, Inc., CBS Broadcasting, Inc. (collectively, "CBS"), Viacom Radio, Inc., Michael Fashana and Cindy Johnson. According to his complaint, plaintiff was hired by CBS in June 2014 as a digital salesperson with a base yearly salary of $50,000 plus commissions. Dkt. #1-2 (Compl.) at ¶ 3.1. He informed CBS, Fashana and Johnson that he suffered from depression. Id. at ¶ 3.6. Beginning in August 2014, he asked for the opportunity to sell to specific lucrative client accounts. These requests were denied, and plaintiff was told that he had to "prove himself." Id. at ¶¶ 3.10–3.12. Between 2014 and 2015, Fashana hired two new individuals for the same position. Both were Caucasian and had no disabilities. One was female. Id. at ¶¶ 3.18–3.20.

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT - 1

Between January and March 2015, plaintiff took time off due to his medical condition of depression. Id. at ¶ 3.15. He alleges that defendants did not inform him of whether he qualified for protected leave under the federal Family Medical Leave Act ("FMLA") or Washington's Family Leave Act ("FLA"). Id. at ¶ 3.17. In spring 2015, one of the new hires was given the lucrative client accounts that plaintiff had requested without being told that she had to "prove herself." Id. at ¶ 3.20. He complained in writing to Fashana and Johnson on June 18, 2015, and they retaliated by taking away his base salary on June 22, 2015 and doubling his quarterly budget. Id. at ¶¶ 3.24–3.26.

In November 2015, plaintiff took two weeks off due to his depression. Defendants again failed to inform him of his eligibility for protected leave. Id. at ¶¶ 3.27–3.28. When he returned, they placed him on probationary status and set unrealistic budgets that did not take his protected leave into consideration. Id. at ¶¶ 3.31–3.32. Plaintiff took additional intermittent time off between December 2015 and March 2016. Id. at ¶ 3.33. Defendants continued to demand the same budgets. Id. at ¶ 3.34. In March 2016, plaintiff resigned. Id. at ¶ 3.35.

Plaintiff brought claims for violation of Washington's law against discrimination, see RCW 49.60.010 *et seq*, violations of the FMLA and FLA, wrongful termination in violation of public policy, failure to accommodate, intentional infliction of emotional distress and negligent infliction of emotional distress. Id. at ¶¶ 4.1.1–4.6.1. Defendants removed the case to this Court on March 29, 2018. Dkt. #1; see 28 U.S.C. § 1331.

Plaintiff filed a motion to amend his complaint on January 18, 2019. Dkt. #24. This proposes striking two causes of action; i.e., intentional infliction of emotional distress and negligent infliction of emotional distress and adding one new cause of action of racial discrimination pursuant to 42 U.S.C. § 1981(a). Dkt. #24-1 at ¶ 4.5. It also adds the contention that defendants' failure to accommodate under Washington state law includes their failure to engage in the interactive process. Id. at ¶ 4.4.1.

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT - 2

**DISCUSSION**

**A. Legal Standard**

Other than an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 "sets forth a very liberal amendment policy." Rain Gutter Pros, LLC v. MGP Mfg., LLC, No. C14-0458 RSM, 2015 WL 6030678, at *1 (W.D. Wash. Oct. 15, 2015) (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). "Five factors are used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading." LifeLast, Inc. v. Charter Oak Fire Ins. Co., No. C14-1031JLR, 2015 WL 12910683, at *2 (W.D. Wash. July 6, 2015) (citing Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)).

Delay, by itself, is not sufficient to justify denial of leave to amend. Paz v. City of Aberdeen, No. C13-5104 RJB, 2013 WL 6163016, at *3 (W.D. Wash. Nov. 25, 2013) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986)). However, the remaining factors "could each, independently, support a denial of leave to amend a pleading." Id. (citing Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999)). "Of these factors, prejudice to the opposing party is the most important factor." Id. (citing Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990)). "The burden is on the party opposing amendment to show that they will be prejudiced by the court granting leave to amend." LifeLast, Inc., 2015 WL 12910683 at *2 (citing DCD Programs, Ltd., 833 F.2d at 187).

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment." Id. at *4 (citing Jackson, 902 F.2d at 1388). "A party that contends it learned 'new' facts to support a claim should not assert a claim that it could have pleaded in previous pleadings." Id. (citing Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002)). Bad faith exists where "the plaintiff merely is seeking to

prolong the litigation by adding new but baseless legal theories." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999) (citing Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998)). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (citing Pan–Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir. 1980), cert. denied, 454 U.S. 927 (1981)).

**B. Intentional and Negligent Infliction of Emotional Distress**

Defendants do not object to the dismissal of plaintiff's claims for intentional and negligent infliction of emotional distress, "other than on the grounds that a [m]otion to [a]mend is not the proper procedural mechanism for doing so." Dkt. #26 at 1. The Court strikes plaintiff's claims for intentional and negligent infliction of emotional distress. See Fed. R. Civ. P. 12(f).

**C. Racial Discrimination under 42 U.S.C. § 1981**

Plaintiff previously amended his complaint, but this was at defendants' request to correct the names of the parties. Dkt. #32-1 at 1; see Dkt. #32 (Valencia Decl.) at ¶ 3. There is no evidence of bad faith. Rain Gutter Pros, LLC, 2015 WL 6030678 at *1.

Defendants argue that they would be prejudiced by having to respond to a new legal theory of liability after the parties have already exchanged written discovery and taken primary depositions of plaintiff and CBS's 30(b)(6) witnesses. Dkt. #26 at 4–5. "In Washington, in order to prove disparate treatment based on race or national origin, plaintiff has the burden to show that plaintiff's race or national origin was a 'substantial factor' in the adverse employment action." Turner v. Univ. of Washington, No. C05-1575RSL, 2007 WL 4365789, at *3 (W.D. Wash. Dec. 11, 2007). "'Substantial factor' means a significant motivating factor in bringing about the employer's decision." Id. As direct, "smoking gun" evidence of discriminatory animus is rare, indirect or inferential evidence suffices to discharge the plaintiff's burden. Id. (internal citation omitted). Under 42 U.S.C. § 1981, in order to establish a prima facie case of race discrimination, "the plaintiff must show the following: (1) that she belonged to a protected class;

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT - 4

(2) that she was qualified for the position; (3) that she was subject to an adverse employment action; and (4) that similarly situated individuals outside her class were treated more favorably." Gutierrez v. Springs Window Fashions Div., Inc., 251 F. App'x 464, 465 (9th Cir. 2007) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). As the claims are similar, the amendment is less likely to prejudice defendants. See Eagle Rock Sanitation, Inc. v. Jefferson Cty., No. 4:12-CV-00100-EJL, 2013 WL 2050293, at *2 (D. Idaho May 14, 2013) (noting defendant's concession that "the similarity between [plaintiffs]' existing federal equal protection claim and their proposed state equal protection claim reduces the prospect of any prejudice because the analysis is similar for both claims.").

Plaintiff was aware of the facts and theories giving rise to the cause of action at the time he filed his complaint. LifeLast, Inc., 2015 WL 12910683 at *4. "A party that contends it learned 'new' facts to support a claim should not assert a claim that it could have pleaded in previous pleadings." Id. (citing Chodos, 292 F.3d at 1003). Plaintiff argues that his § 1891 claim has a higher standard of proof, and he learned only during discovery that he was likely to meet it. Dkt. #30 at 5. This is not clearly established.[1] However, delay is not sufficient by itself to justify denial of leave to amend. Paz, 2013 WL 6163016 at *3.

Defendants also argue that the amendment would be futile, because plaintiff admitted during his deposition that he had no evidence of intentional racial discrimination. Dkt. #26 at 5. At his deposition, plaintiff stated that he did not have any witness testimony or documents to support his claim. Dkt. #27 (Silke Decl.) at ¶¶ 4–5, 7. However, plaintiff also stated that the two new hires, who were Caucasian, were taken out on sales calls while he was not because of their and his race. Dkt. #32-2 at 95:24–97:7. He later reiterated that one could "look at the people that were getting favor and see that they're White and I'm Black." Id. at 138:18–139:1; see id. at 148:11–149:8. A plaintiff may produce either direct or circumstantial evidence to show that a

---

[1] See Nat'l Ass'n of African Am.-Owned Media v. Charter Commc'ns, Inc., 915 F.3d 617 (9th Cir. 2019); Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009); Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338 (2013).

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT - 5

discriminatory reason more likely than not motivated the employer. Surrell v. California Water Serv. Co., 518 F.3d 1097, 1105 (9th Cir. 2008) (internal citation omitted); see Kwesele v. King Cty., No. 2:17-CV-1426-RAJ, 2019 WL 266450, at *1 (W.D. Wash. Jan. 18, 2019). The amendment is not futile.

Plaintiff is therefore entitled to add a claim under 42 U.S.C. § 1981.

**D. Failure to Engage in Interactive Process under Washington State Law**

Plaintiff's amended allegation that defendants violated Washington State Law against discrimination by failing to engage in the interactive process is subject to a similar analysis. Plaintiff's previous amendment is irrelevant, see Valencia Decl. at ¶ 3, and there is no evidence of bad faith. Rain Gutter Pros, LLC, 2015 WL 6030678 at *1.

"The burden is on the party opposing amendment to show that they will be prejudiced by the court granting leave to amend." LifeLast, Inc., 2015 WL 12910683 at *2 (citing DCD Programs, Ltd., 833 F.2d at 187). Defendants are unlikely to be prejudiced, because plaintiff has already brought a claim for failure to accommodate. Compl. at ¶ 4.4; see Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1114–15 (9th Cir. 2000), vacated sub nom. U.S. Airways, Inc. v. Barnett, 535 U.S. 391 (2002) ("The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees. … Both sides must communicate directly, exchange essential information6 and neither side can delay or obstruct the process."). Again, plaintiff was aware of the facts and theories giving rise to the cause of action at the time he filed his complaint. LifeLast, Inc., 2015 WL 12910683 at *4. However, delay is not sufficient by itself to justify denial of leave to amend. Paz, 2013 WL 6163016 at *3. Finally, the amendment is not futile. See Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008). Plaintiff testified at his deposition that his requests for leave or requests to work from home were granted. Silke Decl. at ¶¶ 11–12. However, he also testified that the requests were "used against [him]" and that "there were some times that [he] did want to stay home, and it was denied …" Dkt. #32-2 at 192:18–19, 193:1–7. Under Rule 15's "very

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT - 6

liberal amendment policy," plaintiff is entitled to add this allegation. <u>Rain Gutter Pros, LLC</u>, 2015 WL 6030678 at *1 (internal citation omitted).

## **CONCLUSION**

For all the foregoing reasons, plaintiff's motion is GRANTED. The Court GRANTS plaintiff leave to file his amended complaint.

DATED this 17th day of June, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT - 7