UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE WESLEY, <br><br> Plaintiff, <br><br> v. <br><br> CBS RADIO SERVICES, INC., et al., <br><br> Defendants. | Case No. C18-466RSL <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on plaintiff's "Motion to Amend and/or Reconsider Judgment Pursuant to Fed. R. Civ. P. 59(e), 60(b)(6) and LCR 7(h)." Dkt. #75.

Motions for reconsideration are disfavored in this District and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." LCR 7(h)(1); see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009) ("Under Rule 59(e), it is appropriate to alter or amend a judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there's an intervening change in controlling law." (citation and internal quotation marks omitted)). Federal Rule of Civil Procedure ("Rule") 60(b)(6) provides that a judgment or order may be vacated for "any other reason that justifies relief." Rule 60(b)(6) is a catch-all provision that should be used "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

Plaintiff argues that the Court erred in its September 19, 2019 order granting summary judgment for defendants (Dkt. #73). Specifically, he asserts that the Court improperly applied the summary judgment standard by drawing certain inferences in favor of defendants. The Court denies plaintiff's motion for reconsideration for the following reasons.

**I.    FMLA and FLA Claims**

As to plaintiff's Family Medical Leave Act ("FMLA") and Washington Family Leave Act ("FLA") claims, the Court did not err in finding plaintiff would have been aware of defendants' expectation that salespersons meet their budgets 50 percent of the time. See Dkt. #43-3 (Baker Dep. II) at 51:11-17; Dkt. #49-13 (Baker Dep.) at 67:25-68:22. Plaintiff claimed that he was not reprimanded for failing to meet his budgets and that he received occasional praise for his work, Dkt. #49 (Wesley Decl.) at ¶ 6, but this evidence does not "directly contradict[]" defendants' evidence on the issue. Dkt. #75 at 3.

Neither did the Court err in determining that defendant Cindy Johnson's indication that there were no "penalties" for not meeting budgets, see Dkt. #49-7, showed "only that plaintiff would be paid for whatever he sold, not that there was no expectation that he meet his budgets." Dkt. #73 at 15. Plaintiff failed to provide any evidence to the contrary.[1]

In addition, while plaintiff reiterates his conclusory assertion that he was put on the Plan because of his leave of absence, he failed to support that position or to account for the volume of evidence indicating that he was placed on the Plan for performance issues predating his leave and continuing into the month after he returned.[2] See Dkt. #73 at 15. The Court properly granted summary judgment for defendants on plaintiff's FMLA and FLA claims.

---

[1] Plaintiff also failed to support his position that the Performance Improvement Plan ("Plan") made the meeting of his budgets an explicit condition of his employment. Cf. Dkt. #43-5 at 27-28; Dkt. #49-6 at 1-2.

[2] Furthermore, plaintiff's argument that the Plan constituted a change in employment conditions contravenes the evidence while misconstruing the Court's findings. The Court reached its conclusions on plaintiff's FMLA and FLA claims notwithstanding its determination regarding the nature of the Plan. See Dkt. #73 at 15.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 2

## II. Failure to Accommodate Claim

Next, the Court properly granted summary judgment for defendants on plaintiff's failure to accommodate claim. Although plaintiff first testified that he remembered indicating during his interview that he "went through depression" due to his brother's death, see Dkt. #43-13 (Wesley Decl.) at 39:24-41:8, he could not remember if he told anyone in his interview that he had any disabilities. Id. When ultimately asked whether he told anyone "at CBS during the application process that [he] had any types of disability that might affect [his] ability to do [his] job, including severe depression," plaintiff clearly testified, "No, sir." Id. at 41:22–42-2. Plaintiff's deposition testimony supports the finding that he did not inform anyone at CBS of any disabilities or ask for any type of accommodation for a disability. The Court properly rejected the conflicting statements in plaintiff's declaration under the sham affidavit rule, see, e.g., Yeagar v. Bowlin, 693 F.3d 1076, 1080 (9th Cir. 2012).

Plaintiff also fails to support his argument that the Court was required to infer notice to defendants based solely on his indication in his hiring paperwork that he was an individual with a disability. The Court properly relied on the absence of evidence that defendant ever explained to anyone at CBS what his disability was or what accommodations he needed, and concluded that plaintiff's failure to provide notice obviated the need on defendants' part to engage in the interactive process.

Finally, while plaintiff reiterates his arguments regarding defendants' alleged failure to accommodate him by reducing his budget requirements, the Court rejected this position as a matter of law on the basis that defendants were not required to grant plaintiff more lenient targets. Kelley v. Amazon.com, Inc., No. 12-CV-5132-TOR, 2013 WL 6119229, at *9 (E.D. Wash. Nov. 21, 2013), aff'd, 652 F. App'x 524 (9th Cir. 2016). Plaintiff fails to explain why this conclusion was erroneous.

## III. Disparate Treatment Claim

As to his disparate treatment claim, the Court properly found plaintiff failed to raise his argument that his placement on the Plan constituted disparate treatment. Dkt. #48 at 15-17.

Rather, plaintiff argued that defendants discriminated against him by assigning billing accounts to Jocelyn MacDonald instead of to him.  Id.

Plaintiff's reiteration of his preferred interpretation of defendants' motives for distributing billing accounts to Ms. MacDonald is insufficient to establish a genuine issue of fact, especially considering the volume of evidence showing that defendants had a legitimate, nondiscriminatory reason for the billing assignments.  See Dkt. #73 at 20-21.  The Court properly granted summary judgment for defendants on plaintiff's disparate treatment claim.

### IV.     Wrongful Termination Claim

Finally, plaintiff failed to support his bare assertions regarding the allegedly intolerable nature of his working conditions with any concrete evidence. The Court properly granted summary judgment for defendants on plaintiff's wrongful termination claim.

### V.     Conclusion

For all the foregoing reasons, the Court finds plaintiff has not met his burden for reconsideration.  His motion (Dkt. #75) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of June, 2020.

*[signature]*

Robert S. Lasnik
United States District Judge